UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PRINCESS MARIA SPENCER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.   23-00373 (UNA) |
| MACY'S DEPARTMENT STORE, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter, filed *pro se*, is before the Court on its initial review of Plaintiff's complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).  To that end, "the citizenship of every party to the action must be distinctly alleged and cannot be

established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004).

A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Washington, D.C., has sued Macy's Department Store in Memphis Tennessee. In the single-page complaint, Plaintiff alleges that she is "the owner and CEO of Macy Dpt Store" and "was watched in a dressing room summer of 2017 or 2018." She also alleges that she "applied for a Macy's credit card and had no information in the system, which might be under Princess Maria Kay." Plaintiff demands no relief.

Plaintiff's allegations, such as they are, do not present a federal question, and she has not invoked, much less established, diversity jurisdiction. Moreover, federal courts "are without power to entertain claims otherwise within their jurisdiction if," as here, "they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous[.]" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted). Consequently, this action will be dismissed by separate order.

_____/s/_____
RUDOLPH CONTRERAS
Date: February 21, 2023   United States District Judge